**L.R. SHUSTER, Plaintiff,**

v.

**NASSAU COUNTY, et al., Defendants.**

**96 Civ. 3635 (JGK).**

United States District Court,
S.D. New York.

Dec. 9, 1996.

L.R. Shuster, pro se.

Dennis C. Vacco, Attorney General of the State of New York by Joseph Mirabella, Assistant Attorney General, New York City, for Defendants.

### OPINION AND ORDER

KOELTL, District Judge:

On June 24, 1996, the plaintiff, L.R. Shuster, moved for a temporary restraining order ("TRO") and a preliminary injunction against the defendants Nassau County, the Honorable Zelda Jonas, and the New York State Department of Motor Vehicles ("DMV"). Jurisdiction for this action was asserted under 28 U.S.C. § 1332. This Court denied the application for a TRO on July 30, 1996.

In his application for a preliminary injunction, Shuster seeks to enjoin the defendants from arresting him for violating New York State's motor vehicle laws. Shuster claims that any such arrest would be unlawful and the result of falsified DMV records.

On September 10, 1996, upon being informed that Shuster had been incarcerated pending a psychiatric evaluation, this Court stayed this motion for a preliminary injunc-

tion. On November 20, 1996, the defendants notified the Court that Shuster had been released from custody. Therefore, this Court will now consider Shuster's motion for a preliminary injunction.

### I.

■ The relevant facts for this motion are as follows. Shuster argues that the preliminary injunction should be granted because all of his past violations of New York's motor vehicle laws have been expunged from his record. Moreover, Shuster asserts that any documents showing outstanding violations are the result of deliberate tampering with the DMV computers. Therefore, Shuster asserts, there can be no grounds for him to be arrested by the defendants.

In support of these assertions, Shuster has submitted documents that demonstrate that eight violations of New York City parking regulations have been cleared from his record. (Transcript of June 25, 1993 hearing before the Honorable Dorothy Chin Brandt, attached to the plaintiff's Motion). Shuster has also submitted various memoranda from DMV officials which he asserts demonstrate that there are no outstanding violations of the motor vehicle laws on his driving record. (See Memoranda, attached to plaintiff's motion).

Defendants the Honorable Zelda Jonas and the DMV (collectively "the defendants") [1] dispute that there are no outstanding violations of the motor vehicle laws on Shuster's driving record. Defendants have submitted an affirmation that states that over the years Shuster has had several driving records on file with the DMV under various spellings of his name. (Affirmation of Ida L. Traschen ("Traschen Aff.") at ¶ 3, executed August 16, 1996). This affirmation further states that prior to 1994 the DMV did not realize that all of these records belonged to Shuster, nor had the DMV merged these records into one file. (Id. at ¶ 3–4).

According to the defendants, while multiple violations of the motor vehicle laws were

---

1. Defendant Nassau County has not yet responded to the plaintiff's motion. However, as described below, this motion is dismissed as being without merit. Therefore, Nassau County is not required to respond to Shuster's motion.

charged against some of Shuster's driving records, others showed no violations. The defendants assert that the existence of these multiple driving records, some but not all of which had violations charged against them, explain the DMV memoranda Shuster submitted showing that there were no violations on his driving record.

On March 16, 1994, the DMV merged all of the records containing variations on Shuster's name because each of these records reflected the same last name and date of birth. (Id. at ¶ 4(a)). This merger was conducted after the last date for which Shuster has submitted a memorandum from the DMV demonstrating that there were no violations on his driving record. Shuster's merged driving record demonstrates that he has 55 active suspensions for failure to answer summonses. (See Driving Record, attached as Exhibit A to Traschen Aff.). Moreover, Shuster has not had a valid drivers license for 27 years. (Traschen Aff. at ¶ 7).

## II.

"In general, the district court may grant a preliminary injunction if the moving party establishes (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Plaza Health Laboratories, Inc. v. Perales,* 878 F.2d 577, 580 (2d Cir.1989) (citing *Sperry International Trade, Inc. v. Government of Israel,* 670 F.2d 8, 11 (2d Cir.1982) and *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979) (per curiam)). However, "where the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the district court should not apply the less rigorous fair-ground-for-litigation standard and should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim." *Plaza Health Laboratories,* 878 F.2d at 580 (citing *Union Carbide Agricultural Products Co. v. Costle,* 632 F.2d 1014, 1018 (2d Cir.1980), *cert. denied,* 450 U.S. 996, 101 S.Ct. 1698, 68 L.Ed.2d 196 (1981) and *Medical Society of the State of New York v. Toia,* 560 F.2d 535, 538 (2d Cir.1977)).

In this case, Shuster is seeking to enjoin the defendants from enforcing the New York State motor vehicle laws. Such laws are part of a regulatory scheme and serve the public interest of ensuring public safety on the roads of New York State. Thus, to prevail on his motion, Shuster must demonstrate both irreparable harm and a likelihood of success on the merits.

"A preliminary injunction is considered an 'extraordinary remedy that should not be granted as a routine matter.'" *Distribution Systems of America, Inc. v. Village of Old Westbury,* 785 F.Supp. 347, 352 (E.D.N.Y.1992) (quoting *JSG Trading Corp. v. Tray–Wrap, Inc.,* 917 F.2d 75, 79 (2d Cir.1990)). Therefore, the mere possibility of harm is insufficient to justify granting a preliminary injunction. *See Borey v. National Union Fire Insurance Co., of Pittsburgh, Pennsylvania,* 934 F.2d 30, 34 (2d Cir.1991); *Distribution Systems of America, Inc.* 785 F.Supp. at 352; *Costello v. McEnery,* 767 F.Supp. 72, 76 (S.D.N.Y.1991).

Shuster has not demonstrated anything more than the mere possibility of future harm. Shuster does not claim that he has been arrested or will for certain be arrested in the future. The mere assertion by Shuster that he might be arrested at some time in the future is highly speculative, and does not constitute actual irreparable harm.

Shuster has also failed to demonstrate a likelihood of success on the merits of his claim for false arrest. Under New York Vehicle and Traffic Law § 511(3)(a):

A person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the first degree when such person . . . is operating a motor vehicle while such person has in effect ten or more suspensions, imposed on at least ten separate dates for failure to answer, appear or pay a fine, pursuant to . . . subdivision four-a of section five hundred ten of this chapter.

Shuster has received fifty-five such suspensions for failing to appear in response to summonses. These suspensions were issued on thirty-six separate dates. Thus, if he operates a motor vehicle, Shuster would be guilty of aggravated unlicensed operation of a motor vehicle in the first degree.

Aggravated unlicensed operation of a motor vehicle is a felony. N.Y. Vehicle and Traffic Law § 511(3)(b). Thus, there are no grounds for this Court to enjoin any state or local authority from arresting Shuster should he operate a motor vehicle. There is no basis for believing that the state authorities would in any way violate Shuster's rights.

In arguing that despite these summonses his arrest would be improper, Shuster relies on New York Vehicle and Traffic Law § 1806(a). This reliance is misplaced. Section 1806(a) prohibits the issuing of an arrest warrant if a defendant pleads not guilty to a traffic infraction. See N.Y. Vehicle and Traffic Law § 1806. It does not, as Shuster argues, bar state and local authorities from arresting motorists based on active suspensions that are more than two years old. Id.

### III.

Shuster has failed to show either irreparable harm or a likelihood of success on the merits. Therefore, his motion for a preliminary injunction is denied.

**SO ORDERED.**